UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EASTSIDE FUNDING LLC,<br>Plaintiff,<br>v.<br>WENDELL EVANS and CHERYL DUKE,<br>Defendants. | CASE NO. C15-5137 RJB<br><br>ORDER DENYING IFP AND REMANDING CASE |

This matter comes before the Court on the Defendants' Application to Proceed *In Forma Pauperis* ("IFP") (Dkts. 1 and 2) and on review of the file. The Court has reviewed the relevant documents on the remainder of the file herein.

This case involves an unlawful detainer action that was filed in Pierce County Superior Court by Eastside Funding LLC against Wendell Evans and Cheryl Duke. Dkt. 1-1.

**APPLICATIONS TO PROCEED IFP**

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See*

28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Defendants' Application to Proceed IFP.** Defendant Cherly Duke states that she receives $1,951 from social security disability. Dkt. 2. She states that she has around $1,680 in monthly expenses. Dkt. 2. In his description of "other income" Defendant Wendell Evans states in his IFP application that he receives "disability (gross) 7.20 in only source income." Dkt. 1, at 1. He reports $500.00 in expenses. Dkt. 1, at 2.

**Decision on Application to Proceed IFP**. It appears that Defendants have the income to pay the filing fee in this case. They have made a choice to remove this civil action. While the costs of this action may place a burden on their resources, Defendants appear to have sufficient funds to pay the filing fee. Defendants' Application to Proceed *In Forma Pauperis* ("IFP") (Dkts. 1 and 2) should be denied.

**IFP on Appeal.** In the event that Defendants appeal this order, and/or appeals dismissal of this case, IFP status should be denied by this court, without prejudice to Defendants to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis.*

**REVIEW OF THE FILE**

On March 5, 2015, Frank W. Roberson and Effie Roberson removed this case to federal court from Pierce County Superior Court. Dkt. 1. The Notice of Removal states that jurisdiction is based upon federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Dkt. 1-1, at 2. The Notice of Removal states that "Plaintiff has actually filed a Federal Question Action," and that "the Complaint in this action was filed . . . as artful pleading" that "intentionally fails to allege compliance with the Civil Rights Act of 1968." Dkt. 1-1, at 2. The Notice of Removal states

that "[t]he Federal Cause of Action in ejectment/eviction is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court." Dkt. 1-1, at 3.

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Jurisdiction is a threshold issue that must be raised *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).

A federal court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, the plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Association of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000). The documents filed in this matter, including the documents filed along with the Notice of Removal, show that this is a case involving state law. The court has no jurisdiction over state law claims. Even if the documents filed could be interpreted as raising a defense under federal law, an interpretation that is tenuous at best, such a defense would not confer federal jurisdiction. "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

A review of the pleadings filed shows that the court does not have subject matter jurisdiction over this case. The case should be remanded to Pierce County Superior Court, pursuant to28 U.S.C. § 1447(c).

Accordingly, it is hereby **ORDERED** that:

- Defendants' Application to Proceed *In Forma Pauperis* (Dkts. 1 and 2) **ARE DENIED**;
- In the event that Defendants appeal this order, and/or appeals dismissal of this case, IFP status **IS DENIED** by this court, without prejudice to Defendants to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis;* and
- This case is **REMANDED** to Pierce County Superior Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is directed to take the steps necessary to remand this case to Pierce County Superior Court.

Dated this 16th day of March, 2015.

ROBERT J. BRYAN
United States District Judge